**Petition for Writ of Mandamus Denied and Dissenting Opinion filed June 30, 2026.**



**In The**

# Fifteenth Court of Appeals

### NO. 15-26-00105-CV

---

### IN RE KRISTEN PLAISANCE, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**261st District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-24-005044**

---

## DISSENTING OPINION

Pro se Kristen Plaisance, "Appearing Sui Juris" in this Court, has filed two proceedings arising from a single Public Information Act case pending in Travis County. The majority of the Court holds that:

- *we have jurisdiction* of her interlocutory appeal from an order granting Montgomery County's plea to the jurisdiction based on governmental immunity;[1] *but*
- *we have no jurisdiction* of her mandamus petition complaining that the trial court stayed all proceedings during her interlocutory appeal—even though that is *exactly* what the interlocutory appeal statute says.[2]

---

[1]   *See* No. 15-26-00021-CV; *see also* Tᴇx. Cɪv. Pʀᴀᴄ. & Rᴇᴍ. Cᴏᴅᴇ § 51.014(a)(8).

[2]   *See id.* § 51.014(b) ("An interlocutory appeal under Subsection (a)(3), (5), *(8)*, or (12) also

Similarly, this Court recently split on whether we had jurisdiction of both an interlocutory appeal transferred to us under Chapter 73 and a mandamus petition seeking the same relief on the same grounds in the same case.[3] I remain unconvinced that fracturing appellate complaints into different appellate proceedings in different appellate courts is required by Texas law.

The Court goes further today, using these two confused and misguided pro se filings to establish our own confused and misguided jurisdictional rule: when a docket equalization order transfers an appellate matter to us, mandamus review of anything else arising in the same case in the trial court is beyond our purview. So while the merits of an appeal transferred to this Court are pending here, mandamus complaints in the same case at the same time involving the same parties must be filed in some other court of appeals if the trial court:

- improperly denies pro hac vice motions by out-of-state counsel,[4]
- improperly compels an apex deposition,[5]
- improperly denies a motion to dismiss for forum non conveniens,[6] or
- improperly compels the production of privileged documents.[7]

All these are traditionally subjects for mandamus relief, some of them may moot the main appeal or be rendered moot by it, and all are traditionally decided by one court of appeals. Now they must be decided by two courts, each acting independently.

Before construing a statute in such an unusual way, it is always advisable to

---

stays *all other proceedings* in the trial court pending resolution of that appeal." (emphasis added)).

[3]    *See In re Shelton*, 2026 WL 917791, at *1 (Tex. App.—15th Dist., Apr. 3, 2026) (Farris, J., concurring) (reasoning that this Court's exclusive intermediate appellate jurisdiction excludes cases transferred to us for docket equalization purposes).

[4]    *In re AutoZoners, LLC*, 694 S.W.3d 219, 226 (Tex. 2024).

[5]    *In re Am. Airlines, Inc.*, 634 S.W.3d 38, 43 (Tex. 2021).

[6]    *In re Weatherford Int'l, LLC*, 688 S.W.3d 874, 879 (Tex. 2024).

[7]    *In re Silver*, 540 S.W.3d 530, 538 (Tex. 2018).

consider whether the fault might be on our side rather than the Legislature's. The Court today fails to consider at least two other reasonable statutory constructions, either of which would avoid today's perplexing outcome.

First, the statute defining our "exclusive intermediate appellate jurisdiction" includes (in general terms) three main categories: (1) suits by or against the State, (2) suits challenging a statute's constitutionality, and (3) "*any other matter as provided by law*."[8] The docket equalization statute, Chapter 73 of the Texas Government Code, qualifies as "law." Section 73.002 of that law provides that in such transfers, "The court of appeals to which a case is transferred *has jurisdiction* of the case without regard to the district in which the case originally was tried."[9] So when a case is transferred to us as provided by that law, it is *defined* as part of our exclusive intermediate appellate jurisdiction. It thus falls within our power to issue "writs arising out of matters over which the court has exclusive intermediate appellate jurisdiction under Section 22.220(d)."[10]

Second, the Court's construction ignores the differences between "*original* jurisdiction" and "*appellate* jurisdiction." They are not the same. Both our Constitution and caselaw recognize this by listing them separately.[11] "Original jurisdiction" is a "court's power to hear and decide a matter *before any other court can review the matter*."[12] *Appellate* jurisdiction attaches automatically when a notice

---

[8]     TEX. GOV'T CODE § 22.220(d).

[9]     *Id.* § 73.002.

[10]     *Id.* § 22.221 (c-1).

[11]     *See* TEX. CONST. art. V, § 6 (providing that courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law."); *id.* art. V, § 8 ("District Court jurisdiction consists of exclusive, appellate, and original jurisdiction"); *Deloitte & Touche, LLP v. Fourteenth Court of Appeals*, 951 S.W.2d 394, 396 (Tex. 1997) ("Our original jurisdiction for mandamus is not the equivalent of appellate jurisdiction."); *State Bd. of Ins. v. Betts*, 315 S.W.2d 279, 281 (Tex. 1958) (same).

[12]     *See Original Jurisdiction*, BLACK'S LAW DICTIONARY 1016–17 (12th ed. 2024) (emphasis

of appeal is filed in the trial court;[13] *original* jurisdiction attaches only when an original proceeding is filed directly in an appellate court.[14] Had the Legislature not expressly restricted our original jurisdiction, parties across the state arguably would have the option to pick our court or some other court for mandamus petitions complaining about interim trial court orders. But as the Supreme Court previously held in construing this Court's jurisdictional laws, granting every civil appellant options for multiple avenues of appeal is "not what the Legislature intended at all."[15]

Since we have *appellate* jurisdiction in transferred cases (under Chapter 73), *we don't need* original jurisdiction to review collateral matters by original proceedings and writs. Our appellate jurisdiction allows us, at a minimum, to issue temporary orders:

- to "preserve the parties' rights,"[16]
- to enforce (or not enforce) the appealed order,[17]
- to prohibit actions inconsistent with our temporary orders,[18]
- to review any interlocutory order that "interferes with or impairs" our jurisdiction,[19]
- to review "any interlocutory order that interferes with or impairs the effectiveness of the relief sought or that may be granted on appeal,"[20] and
- to review any subsequent interlocutory order "concerning the same subject

---

added).

[13]   Tex. R. App. P. 25.1(a), (b).

[14]   *Id.* R. 52.1.

[15]   *Kelley v. Homminga*, 706 S.W.3d 829, 832 (Tex. 2025).

[16]   Tex. R. App. P. 29.3.

[17]   *Id.* R. 29.4.

[18]   *Id.* R. 29.5(a).

[19]   *Id.* R. 29.5(b).

[20]   *Id.* R. 29.5(b), 29.6(a)(2).

matter."[21]

We should not be so shy about exercising all aspects of our appellate jurisdiction when necessary. For this Court to work, we must try to construe our jurisdictional and procedural statutes so they will accomplish the Legislature's purposes, not throw roadblocks in the way that stymie them.

Because I believe we have jurisdiction of both proceedings, I would not dismiss this petition for want of jurisdiction. Because the Court does, I respectfully dissent.

/s/      Scott A. Brister
Scott A. Brister
Chief Justice

Before Chief Justice Brister and Justices Field and Farris.

---

[21]      *Id.* R. 29.6(a)(1).

5